IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY 1999 SESSION


FILED

March 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9804-CR-00114 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. W. FRED AXLEY, |
| TOMMY NUNLEY, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated Rape) |

**FOR THE APPELLANT:**

**BRETT B. STEIN**
236 Adams Avenue
Memphis, TN 38103-1922

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**J. ROSS DYER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**DAVID B. SHAPIRO**
Assistant District Attorney General
Criminal Justice Center
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

A Shelby County jury convicted defendant, Tommy Nunley, of aggravated rape, a Class A Felony. The trial court sentenced defendant as a Range I standard offender to the maximum sentence of twenty-five years. Defendant raises four issues in this appeal as of right:

(1)     whether the trial court erred in allowing into evidence a report prepared by the nurse clinician who examined the victim;

(2)     whether the trial court erred in allowing the nurse clinician to testify that the injuries she observed on the victim were the product of forcible penetration;

(3)     whether the trial court erred in allowing rebuttal testimony by the victim; and

(4)     whether the trial court sentenced defendant properly.

We find no reversible error and AFFIRM the judgment and sentence of the trial court.

## I. FACTS

On January 17, 1996, thirteen-year-old L.L.[1] was brought home sick from school by her uncle. When she arrived at the residence which was shared by several family members, including the defendant who is her cousin, L.L. went to her grandmother's bedroom to rest. About fifteen minutes later, her grandmother and several family members went to lunch. Only defendant and L.L. remained at the residence.

Some minutes later, defendant entered the room where L.L. was resting. He rubbed her breast and vagina with his hand, and pulled down her pants and underwear. She tried to get away, but defendant pulled her back by the leg. He then tore his own shorts to reveal his penis and penetrated her.

Once finished, defendant remained on top of L.L. for a few moments before "eas[ing] out" and L.L. saw "white slimy stuff and blood" on the sheets. Defendant

---

[1]It is the policy of this Court not to identify minor victims of sexual abuse.

2

ordered her to go wash. He tried to clean the sheets with a paper towel, then took the sheets off the bed and put them in the washing machine.

When defendant took his shower a short time later, L.L. contacted her mother, Rita Jones, and told her what happened. Jones told her to get out of the house. L.L. gathered her things to leave and told defendant she was going to a friend's house to study. L.L.'s aunt arrived and took L.L. to see her mother.

Jones called the police, and officers took L.L. to the City of Memphis Sexual Assault Center where nurse clinician, Elizabeth Thomas, examined her. Thomas' examination revealed bleeding from the vagina, bruise-like coloration of the skin around the urethra and hymen, a hematoma on the hymen, two lacerations through the hymenal tissue, and a third laceration in the posterior fourchette.

Based upon this evidence, the jury convicted defendant of aggravated rape as a result of the unlawful and forcible sexual penetration causing bodily injury to the victim. Tenn. Code Ann. § 39-13-502(a)(2).


## II. EXAMINATION REPORT

Defendant assigns as error the admission into evidence of the clinical report made by Elizabeth Thomas while she examined the victim. First, defendant claims Thomas used the report solely to refresh her recollection. As such, there would be no reason for the report's introduction into evidence. Second, the document contains words indicating the victim was criminally assaulted, which defendant claims warrants its exclusion.


### A. Use of Report by Elizabeth Thomas

A report, generally, may be used by a witness for the purpose of refreshing his or her recollection. *See* Tenn. R. Evid. 612. A writing used in this manner can be entered into evidence by the adverse party. *Id.* However, in the case of a document kept in the normal course of business, the Rules of Evidence provide a clear-cut exception to the hearsay rule, making such document admissible. Tenn. R. Evid. 803(6).

At trial, the prosecution tendered nurse clinician, Elizabeth Thomas, as an expert witness based upon her background, training, and experience. The defense did not object, and the trial court declared her to be an expert. Thomas testified that she examined the victim and simultaneously filled out a report. She made notes in her own writing and signed the report. Over defendant's objection, exact copies of that report were entered into evidence and distributed to the jury. Thomas reviewed and explained the report and notes line by line.

It is clear from the record that reports and notes of the type at issue are routinely made in the normal course of examining victims at the Sexual Assault Center. Furthermore, it is clear that Thomas used the notes as an aid to the jury's understanding of her testimony, not merely to refresh her recollection. The report and notes, therefore, fall within the exception of Rule 803(6) and were properly admitted.

This issue has no merit.

## B. Report's Content

On page two of the examination report, there is the statement that L.L. "reports vaginal assault (penile) and attempted anal assault by 32 [year old] cousin." Defendant avers that admission of this statement is improper.

Tenn. R. Evid. 803(4) provides that "[s]tatements made for purposes of medical diagnosis and treatment describing. . . the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis and treatment" are admissible. The statement was properly admitted. *See* State v. Stinnett, 958 S.W.2d 329, 332 (Tenn. 1997); State v. McLeod, 937 S.W.2d 867, 869-70 (Tenn. 1996).

This issue is without merit.

## III. ULTIMATE ISSUE TESTIMONY

Nurse Thomas testified about various injuries and abnormal conditions she witnessed in L.L. and concluded that the injuries were the result of forcible

penetration. Defendant argues that the trial court erred by allowing Nurse Thomas to offer these "ultimate issue" opinions.

Tennessee's evidentiary rules provide that expert witnesses may "testify in the form of an opinion or otherwise." Tenn. R. Evid. 702. Further, "[t]estimony in the form of an opinion. . .otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Tenn. R. Evid. 704.

The trial court allowed Thomas to testify as an expert without objection. During the course of questioning, she offered the opinion that "the type of injuries that I see like this are not only indicative of penetration but painful penetration. . .not consistent with something that is not forcible. . . ."

As an expert witness, Thomas is allowed to offer her opinion. That opinion, otherwise admissible, is not objectionable simply because it addresses an ultimate issue in the case. Tenn. R. Evid. 704.

This issue is without merit.


## IV. REBUTTAL TESTIMONY

Defendant testified that on the morning in question, he was awakened by a phone call from a friend. After talking on the phone in his bedroom, he prepared to go to work. As he left the bedroom, defendant heard the front door close. The sound surprised him because the door was normally kept closed and locked. Defendant claimed to have seen somebody running away from the house. He found L.L. in the bathroom and asked her who left. She responded that nobody left and started to cry. He further testified that L.L. used the washing machine, not him.

In response to this testimony, the prosecution recalled L.L. in rebuttal. Her rebuttal testimony was very short and to the point: (1) there were two phones in the house, but none in defendant's room; (2) she did not have a boyfriend at the time, and there was no boy in the house that day; and (3) she did not use the washing machine.

Defendant claims the victim's rebuttal testimony was improper because it did nothing but clarify the prosecution's proof-in-chief. Any competent evidence that

explains, directly replies to, or contradicts material evidence introduced by the defense or brought out on cross-examination is admissible as rebuttal evidence. *See* State v. Smith, 735 S.W.2d 831, 835 (Tenn. Crim. App. 1987). The scope of rebuttal lies within the sound discretion of the trial court. *Id.* The trial court's decision regarding the admissibility of rebuttal evidence will not be overturned absent a clear abuse of discretion. *See* State v. Scott, 735 S.W.2d 825, 828 (Tenn. Crim. App. 1987).

In light of defendant's testimony, admission of the victim's rebuttal testimony was proper to directly reply to and contradict the defendant's claims. This issue is without merit.

## V. SENTENCING

Defendant asserts that the twenty-five year, maximum Range I sentence, imposed by the trial court is excessive. He argues that the trial court improperly failed to give any weight to the mitigating factors developed at trial and in the pre-sentence report.

## A. Standard of Review

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the

6

defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments.

## B. Trial Court's Findings

The trial judge found five enhancement factors applicable to its determination of defendant's sentence: (1) the victim was particularly vulnerable because of her age; (2) the defendant treated the victim with exceptional cruelty during the commission of the offense; (3) the offense involved a victim and was committed to gratify defendant's desire for pleasure or excitement; (4) during the commission of a felony, defendant willfully inflicted bodily injury upon the victim; and (5) defendant abused a position of public or private trust. *See* Tenn. Code Ann. § 40-35-114(4), (5), (7), (12), (15). Conversely, the trial court declined to apply any factors in mitigation, despite its acknowledgment that defendant had no criminal history.

## C. Enhancement Factors

Although defendant does not contest the application of any of the enhancement factors, we note that two enhancement factors were improperly applied. The facts are insufficient to establish exceptional cruelty under Tenn. Code Ann. § 40-35-114(5). *See* State v. Williams, 920 S.W.2d 247, 259 (Tenn. Crim. App. 1995).

Furthermore, the trial court improperly applied the enhancement factor for willful infliction of bodily injury upon a victim in the commission of a felony. Tenn. Code Ann. § 40-35-114(12). Since the state relied upon L.L.'s physical injuries as the basis for the conviction under Tenn. Code Ann. § 39-13-502(a)(2), those same injuries cannot be used to enhance his sentence. Tenn. Code Ann. § 40-35-114; State v. Poole, 945 S.W.2d 93, 95 (Tenn. 1997).

## D. Mitigating Factors

Defendant claims that there were several factors developed at trial and in the pre-sentence report that should have mitigated his sentence: defendant graduated

7

from high school; he had no criminal history; and he had an exemplary work history from the time of his graduation, including twelve years of military service.

The trial court acknowledged defendant's lack of criminal history, but did not find any specific, applicable mitigating factors. Tenn. Code Ann. § 40-35-113. The refusal to mitigate the sentence based upon these factors was not erroneous. *See generally* State v. Robinson, 971 S.W.2d 30, 48 (Tenn. Crim. App. 1997).

### E. Sentence

In conclusion, the trial court properly found and applied more than one enhancement factor, and no mitigating factors. The mere fact that additional enhancement factors were improperly applied does not automatically result in the reduction of defendant's sentence. *See* State v. Lavender, 967 S.W.2d 803, 809 (Tenn. 1998). Under our *de novo* review, we decline to disturb defendant's twenty-five year sentence.

### VI. CONCLUSION

Based upon the foregoing, we AFFIRM the judgment and sentence imposed by the trial court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

8

_____
**JOHN H. PEAY, JUDGE**


_____
**JAMES C. BEASLEY, SR., SPECIAL JUDGE**