IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 10, 2013 Session

## WILLIAM PATTON  v.  CHERI PATTON

**Appeal from the Circuit Court for Davidson County**
**No. 06D3044      Philip E Smith, Judge**

No. M2012-02747-COA-R3-CV - **Filed September 25, 2013**

During the pendency of this divorce action, the trial court found Husband in criminal contempt for failing to pay pendente lite support on five occasions and sentenced Husband to ten days per count for a total sentence of fifty days. Husband was not booked or jailed for contempt but he was detained for two hours during the court's lunch recess. During the recess, Husband's trial counsel filed a notice of appeal. Husband was returned to the courtroom thereafter, and he and his counsel participated in the divorce hearing, which commenced after lunch. Following the conclusion of a short divorce hearing, the court took notice of the appeal from the contempt action and granted a stay of the sentence pending this appeal; Husband was then released. This appeal followed. We have concluded that the evidence upon which the five counts of criminal contempt were based was inadmissible and there is no other evidence to support a finding beyond a reasonable doubt that Husband had the ability to pay the support when it was due. Therefore, we reverse the finding of five counts of criminal contempt.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, J.J., joined.

Connie Reguli, Brentwood, Tennessee, for the appellant, William Patton, Jr.

Cheri Patton, *pro se*.

### OPINION

William Patton, Jr. ("Husband") filed for divorce on October 31, 2006, and Cheri Patton ("Wife") filed an answer and counter-complaint. Five years later, an Agreed Order for

Temporary Support was entered that required Husband to pay Wife $1,000 per month in pendent lite support beginning July 1, 2011. Although he agreed to make the payments, Husband failed to make any of the pendente lite support payments.

On November 9, 2012, Wife filed a Petition for Contempt alleging Husband had failed to remit any of the seventeen monthly support payments as set forth in the Agreed Order. The petition for contempt was set for December 18, 2012; the parties' competing complaints for divorce were set to be heard on the same day, immediately following the contempt hearing.

As scheduled, the hearing on the contempt petition commenced on the morning of December 18, 2012. Wife was the only witness who testified during the contempt hearing. Wife stated that she had not received any support payments from Husband. Wife's counsel tendered to Wife documents obtained from Husband during discovery that included Husband's 2011 tax return and an incomplete photo copy of a bank statement, which was purportedly Husband's account at Regions Bank. Husband's counsel timely objected to the introduction of the bank statement as evidence; the court overruled the objection. Wife provided no information to authenticate the documents. Wife presented no other evidence of Husband's ability to pay support. Husband was present but did not testify in the contempt hearing.

At the conclusion of the contempt hearing, the trial court found Husband in criminal contempt for failing to remit five pendente lite support payments for the months of June, July, August, September, and October of 2012. As for the remaining twelve counts, the trial court found the evidence insufficient to demonstrate that Husband had the ability to pay when the support was due. The trial court sentenced Husband to ten days for each count, for a total sentence of fifty days, of which all but fifteen days were stayed. The court then announced the hearing on the divorce would commence following the lunch break and ordered that Husband be detained until then. During the lunch break, Husband's attorney filed a notice of appeal from the findings of contempt. After the lunch break, Husband returned to the courtroom to participate in the hearing on the divorce. At the conclusion of the short divorce hearing, Wife was granted a divorce, the trial court took notice that Husband had filed an appeal of the findings of contempt, and granted a stay of the contempt sentence pending appeal. The Order of Contempt was entered on January 9, 2013, and this appeal followed.

**ANALYSIS**

Husband raises three issues on appeal. First, Husband contends the trial court erred in admitting the bank statement without proper authentication. Second, Husband contends the trial court erred in finding Husband in criminal contempt. Lastly, Husband contends the

trial court erred in detaining Husband in a holding cell following the finding of criminal contempt without immediately setting a bond.

## I. INTRODUCTION OF THE BANK RECORDS

Husband contends the admission of the bank statement from Regions Bank was in error as it was not properly authenticated under either Tennessee Rule of Evidence 803(6) or 901.[1] "The determination of whether a hearsay statement is admissible through an exception to the hearsay rule is left to the sound discretion of the trial court." *Arias v. Duro Standard Prods. Co.*, 303 S.W.3d 256, 262 (Tenn. 2010) (citing *State v. Stout*, 46 S.W.3d 689, 697 (Tenn. 2001); *State v. Stinnett*, 958 S.W.2d 329, 331 (Tenn. 1997)). An appellate court "will not reverse the ruling of the trial court absent a showing that this discretion has been abused." *Id.* (citing *Stout*, 46 S.W.3d at 697).

Tennessee Rule of Evidence 803(6) sets forth the hearsay exception for "Records of Regularly Conducted Activity," commonly referred to as the "business records exception." Business records may be admitted into evidence when properly authenticated and "they otherwise satisfy Rule 803(6) and the other evidence rules." *Simpkins v. Simpkins*, 374 S.W.3d 413, 418 (Tenn. Ct. App. 2012) (quoting Neil P. Cohen, Sarah Y. Sheppeard, Donald F. Paine, *Tennessee Law of Evidence* § 8.11(10) (6th ed. 2011)). In order for evidence to be admissible under Rule 803(6), our courts have recognized five criteria that must be satisfied for a document to be admissible under the business records exception:

> 1. The document must be made at or near the time of the event recorded;
> 2. The person providing the information in the document must have firsthand knowledge of the recorded events or facts;
> 3. The person providing the information in the document must be under a business duty to record or transmit the information;
> 4. The business involved must have a regular practice of making such documents; and
> 5. The manner in which the information was provided or the document was prepared must not indicate that the document lacks trustworthiness.

*Id.* at 419 (citing *Arias*, 303 S.W.3d at 263 (quoting *Alexander v. Inman*, 903 S.W.2d 686, 700 (Tenn. Ct. App. 1995))). "A business record may be authenticated by either providing the testimony of a qualified person or by using a certification process either in compliance

---

[1]Husband objected to the admissibility of the bank statement and the trial court overruled the objection. Neither Husband's counsel nor the trial court identified the rule of evidence under which they were basing their objection and ruling.

with Tennessee Rule of Evidence 902(11) or a statute authorizing such certification." *Id*. (citing Cohen et. al., *Tennessee Law of Evidence,* § 8.11[11]). Tennessee Rule of Evidence 902(11) provides that:

> The original or duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by an affidavit of its custodian or other qualified person certifying that the record
>
> (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of and a business duty to record or transmit those matters;
>
> (B) was kept in the course of regularly conducted activity; and
>
> (C) was made by the regularly conducted activity as a regular practice.

In *Simpkins*, this court held a husband's bank statements were admissible under Rule 803(6), because the custodian of records for SunTrust Bank provided certification that was sufficient to meet the requirements of Rule 803(6). In this case, the document from Regions Bank introduced at the contempt hearing as Exhibit 2 was not authenticated in any way by a custodian of record. The exhibit was introduced during Wife's testimony in the following manner:

> Wife's Counsel: Can you identify this?
> (Witness reviews document.)
> Wife's Counsel: We got it through discovery.
> Wife: No.
> Wife's Counsel: Is that your ex-husband's bank statement?
> Wife: I know he banks at Regions Bank.

The foregoing colloquy reveals that Wife's testimony fails to satisfy the requirements for admissibility under Rule 803(6) and Rule 902(11).

Another rule of evidence that may be applicable, Tennessee Rule of Evidence 901(a), states that "[t]he requirement of authentication or identification as a condition precedent is satisfied by evidence sufficient to the court to support a finding by the trier of fact that the matter in question is what its proponent claims." The document at issue, is a bank statement for one month that is identified as "Transactions" from Regions Bank; however, the bank

statement does not identify the name of the account holder anywhere on the document.[2] As the document does not identify Husband as the account holder or owner and Wife's testimony at the hearing was insufficient to support a finding that the "matter in question is what its proponent claims," meaning it is Husband's bank account, the document fails to satisfy Rule 901(a).

We have determined the bank statement was not properly authenticated as either a business record or identified as Husband's account, as Wife claimed it to be; therefore, the trial court erred in admitting the bank statement into evidence over Husband's timely objection at the contempt hearing.

## II. CRIMINAL CONTEMPT

The willful disobedience of a lawful court order or decree is punishable as criminal contempt. Tenn. Code Ann. § 29-9-102(3). The purpose of criminal contempt is to "preserve the power and vindicate the dignity and authority of the law" as well as to preserve the court "as an organ of society." *Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996); *see also Thigpen v. Thigpen*, 874 S.W.2d 51, 53 (Tenn. Ct. App. 1993). The maximum sentence for each act of criminal contempt is ten days of confinement in jail and the maximum fine is $50.00. Tenn. Code Ann. § 29-9-103.

The person accused of criminal contempt is presumed to be innocent and the prosecution bears the burden of proving guilt beyond a reasonable doubt. *Cottingham v. Cottingham*, 193 S.W.3d 531, 538 (Tenn. 2006) (citing *Shiflet v. State*, 400 S.W.2d 542, 544 (Tenn. 1966)). If the defendant is accused of failing to make payments required by order or decree, the prosecution must prove beyond a reasonable doubt that the person charged with contempt had the ability to pay support at the time it was due and that the failure to pay was willful. *Cottingham*, 193 S.W.3d at 538 (citing *Ahern v. Ahern*, 15 S.W.3d 73, 79 (Tenn. 2000)).

Once held in criminal contempt,[3] the defendant loses the presumption of innocence. *Simpkins v. Simpkins*, 374 S.W.3d 413, 420 (Tenn. Ct. App. 2012) (citing *Cottingham*, 193

---

[2]The document introduced in court is a photocopy and the portion of the document that identified the owner of the account does not appear on the copy.

[3]Historically, our courts have generally found contemnors *guilty* of criminal contempt. The Tennessee Supreme Court recently stated that contemnors are not found *guilty* of criminal contempt; instead: "Courts properly 'find' or 'hold' persons in [criminal] contempt and impose 'sanctions' or 'punishment' for contempt but do not 'convict' persons of contempt." *Baker v. State of Tennessee*, __ S.W.3d __, No. M2011-01381-SC-R11-PC, 2013 WL 4768309, at *7 (Tenn. Sept. 6, 2013).

S.W.3d at 538). Thus, on appeal, the issue is whether, considering the evidence in the light most favorable to the prosecution, any trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* (citing Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *State v. Davidson*, 121 S.W.3d 600, 614 (Tenn. 2003); *Black v. Blount*, 938 S.W.2d 394, 399 (Tenn. 1996)).

Wife is entitled to the pendente lite support and Wife's testimony established that Husband failed to pay any of the support as agreed to in the July 29, 2011 order. Thus, Husband has failed to comply with a lawful order. However, to be held in criminal contempt it must also be established that Husband had the ability to pay the support at the time it was due and that the failure to pay support was willful. *Cottingham*, 193 S.W.3d at 538. The only evidence submitted at the hearing on Husband's ability to pay was one bank statement, which we held inadmissible, and Husband's income tax return for 2011, which demonstrated his taxable income was $8,138 for the year. Considering this modest evidence in the light most favorable to Wife, we have concluded that it is insufficient to permit any trier of fact to find beyond a reasonable doubt that Husband had the ability to pay pendente lite support of $1,000, when each was due, for the months of June, July, August, September or October of 2012. *See Simpkins*, 374 S.W.3d at 420.

For the above reasons, we respectfully reverse the trial court's finding of five counts of criminal contempt.

## III. BOND

Husband contends the trial court erred in detaining Husband without the opportunity to make bond while the trial court was in recess during the two-hour lunch break. The record reveals that Husband's attorney did not request the trial court to set bond prior to the court's recess, thus, the issue of bond was not brought to the attention of the judge prior to the lunch recess. But for a few exceptions, of which this issue is not one, we do not allow parties to raise issues for the first time on appeal; the trial court must be afforded the first opportunity to address the issue. *See Barnhill v. Barnhill*, 826 S.W.2d 443, 458 (Tenn. Ct. App. 1991); *see also Pearman v. Pearman*, 781 S.W.2d 585, 587-88 (Tenn. Ct. App. 1989). An issue that was not properly raised in the trial court is waived on appeal. *Lawrence v. Stanford*, 655 S.W.2d 927, 928 (Tenn. 1983). Thus, the issue of bond is waived.

This issue is also moot for another reason; there is no relief this court can grant Husband as it pertains to the two-hour detention of Husband during the lunch recess. A case becomes moot "when the prevailing party will be provided no meaningful relief from a judgment in its favor." *County of Shelby v. McWherter*, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996) (citing *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994)).

### IN CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded with costs of appeal assessed against the parties equally.

_____
FRANK G. CLEMENT, JR., JUDGE