IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 26, 2006 Session

## DOUGLAS MARTIN v. PEGGY SUE MARTIN MOATS

**Appeal from the Circuit Court for Davidson County**
**No. 01D-1753     Carol Soloman, Judge**

**No. M2004-01921-COA-R3-CV - Filed on August 24, 2006**

Mother appeals finding of contempt for failure to make child support payments and argues that the trial court failed to make the requisite finding regarding her ability to pay.  Because there was no evidence introduced to show Mother had the ability to pay, we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Timothy T. Ishii, Brentwood, Tennessee, for the appellant, Peggy Sue Martin Moats.

Matthew Mayo, Nashville, Tennessee, for the appellee, Douglas M. Martin.

## OPINION

Mother appeals her conviction for criminal contempt under Tenn. Code Ann. § 29-9-101 arising from her failure to make child support payments.  According to Mother, the trial court failed to make the necessary finding that she had the ability to pay.

The parties were divorced in June of 1997, and the three minor children resided with Father.  Mother was ordered to pay $101.00 per week as child support.  In 2002, Father was granted a judgment for child support arrearages totaling $7,795.  Later, in January of 2004, Father filed a Petition for Contempt.  Later, in July of 2004 Father filed a second petition through Child Support Services of Tennessee.  On appeal there is no dispute that Mother missed 12 child support payments in 2003 and 18 child support payments in 2004.

A hearing was held on both Petitions for Contempt on August 4, 2004.  A transcript of the hearing was apparently not made, but a Statement of the Evidence pursuant to Rule 24(c) of the Rules of Appellate Procedure was approved by the trial court.  Mother did not testify and asserted her Fifth Amendment right against self-incrimination.  From the Statement of Evidence it appears

that Father was the sole witness and his testimony was limited to the specific child support payments missed.

According to the Statement of Evidence, the trial court found Mother failed to make 30 child support payments and was "in willful criminal contempt . . . on 18 separate occasions." Mother was ordered to serve 10 days per offense totaling 180 days. The Order of Contempt itself, dated August 26, 2004, made no findings that the contempt was willful. Under the Order, Mother's child support was adjusted to $106 per week for two children,[1] and the arrearage of $9,157 was to be paid $25 per week.

The trial court made no finding in the Order or Statement of Evidence that Mother had the ability to pay the child support payments when they were due. Furthermore, there is no mention in the Order or Statement of Evidence of any evidence heard by the court regarding Mother's ability to make the missed payments when they were due. For purposes of future support, the trial court found in its Order that Mother is self-employed and earns $10.00 per hour, or $1,733 per month. The only reference to Mother's financial ability in the record is the sworn Petition for Contempt by Father that alleged Mother "is able bodied, capable of pursuing gainful employment, and that failure to make these payments . . . constitutes a willful and deliberate contempt."

After posting a bond, Mother appealed. Mother claims the trial court was required to find that she had the ability to make the missed payments at the time they were due before she could be held in criminal contempt. Father argues, on the other hand, that although the Order was silent on willfulness, it is implicit in the court's finding of willfulness in the Statement of Evidence that she had the ability to pay.

It is well settled that in order to find a person guilty of criminal contempt for failure to pay child support, it must be proven beyond a reasonable doubt that the parent had the ability to pay and willfully refused to do so. *Cottingham v. Cottingham*, 193 S.W.3d 531, 538 (Tenn. 2006); *Ahern v. Ahern*, 15 S.W.3d 73, 79 (Tenn. 2000).

We are not persuaded by Father's argument that "implicit" in a finding of willfulness is the finding of ability to pay. The Supreme Court in *Ahern* was quite specific in holding that willfulness and ability are two distinct findings and that both must be found in order to hold that a failure to pay child support is contemptuous.

> . . . the court *first* must determine that Ahern had the ability to pay at the time the support was due *and then* determine that the failure to pay was willful.

*Ahern*, 15 S.W.3d at 79 (emphasis added). The Tennessee Supreme Court reiterated this requirement last year in *Cottingham*:

---

[1] In the interim, the Mother had been awarded custody of the oldest child who had also reached 18. The status of the eldest child is not an issue on appeal.

To support a finding of contempt, the prosecution was required to prove beyond a reasonable doubt that Mr. Cottingham had the ability to pay at the time it was due and that his failure to pay was willful.

193 S.W.3d at 538.

There is simply *no* evidence in the record regarding Mother's ability to pay when the child support payments at issue were due. Under *Cottingham* and its predecessors, it was Father's burden to produce such evidence.

Consequently, we must reverse the trial court. Costs of appeal are taxed to Douglas M. Martin for which execution may issue, if necessary.

_____
PATRICIA J. COTTRELL, JUDGE