IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2011

STATE OF TENNESSEE ᴇx ʀᴇʟ. CHARMAINE EASON v. PHILLIP L. SWINGER

Appeal from the Juvenile Court for Davidson County
No. AC114154      Betty Adams Green, Judge

No. M2010-01347-COA-R3-JV - Filed February 22, 2012

Father appeals from his conviction of eighteen counts of criminal contempt for willful failure to pay bi-weekly child support obligations over a thirteen-month period. The record demonstrates that Father was hospitalized and incarcerated for a portion of the relevant period, and unable to make some of the payments, but the evidence proves his guilt beyond a reasonable doubt to sixteen (16) counts. We therefore, affirm the conviction of sixteen (16) of the eighteen (18) counts of criminal contempt and revise the total sentence from 180 days to 160 days.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court
Affirmed in Part; Reversed in Part**

Fʀᴀɴᴋ G. Cʟᴇᴍᴇɴᴛ, Jʀ., J., delivered the opinion of the Court, in which Aɴᴅʏ D. Bᴇɴɴᴇᴛᴛ and Rɪᴄʜᴀʀᴅ H. Dɪɴᴋɪɴs, JJ., joined.

Jonathan Sacks, White House, Tennessee, for the appellant, Phillip L. Swinger.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Associate Solicitor General; and Marcie E. Green, Assistant Attorney General, for the appellee, State of Tennessee ex rel. Charmaine Eason.

**OPINION**

This appeal arises from a Petition for Contempt filed on July 30, 2009, by the State of Tennessee ex rel. Charmaine Eason, the mother of the parties' child.[1] In the Petition, the

---
[1]The mother of the child at issue was receiving Title IV-D services; therefore, the State was entitled
(continued...)

State alleged that Father was in willful violation of a November 2005 court order requiring Father to pay child support of $72.46 bi-weekly and an additional $30 bi-weekly to reduce an arrearage judgment.

The Petition, which incorporated by reference Exhibit A, a report of payments received since November 22, 2005, stated that only five payments were received through March 23, 2006 and that no payments of any amount were received after that date. Father was previously held in contempt for failure to pay child support after March 23, 2006 and prior to July 1, 2008; therefore, the parties stipulated that the relevant time period in question was limited to July 1, 2008 through July 30, 2009. Following a trial before the juvenile court magistrate, Father was found guilty of eighteen counts of criminal contempt and sentenced to 10 days for each conviction for a total sentence of 180 days, to run consecutively.

Father appealed that ruling to the juvenile court. A trial de novo was held before the juvenile court judge on May 20, 2010. The report of child support payments made since November 22, 2005, was admitted into evidence without objection. Ms. Eason testified that she had not received any other child support payments from Father, that he had been hospitalized for one month in 2008, that he had held several jobs intermittently because she had received notices that his wages were being garnished, and that he had a drug and alcohol addiction. Sonja Morrell, the mother of Father's other four children, ages 17, 15, 13 and 10, testified that she had known Father for 19 years and continued to see him on a frequent basis, even driving him to work on occasion during the period in question.[2] She also testified that during 2008 he had frequent bouts with stomach problems, which she understood to pertain to pancreatitis, and for which he was frequently hospitalized. She stated that Father had worked for Maxwell House hotel,[3] Jones Super Savers store, an Amoco dealer, and Krystal restaurant, but some of these jobs were part-time and were not during the period in question. She also testified that there were periods of time that he could not work due to his stomach pain and his addictions. Shereka Swinger, Father's sister, also testified at trial. Ms. Swinger testified that Father was hospitalized for one month in July of 2009 for his pancreatitis, that he was delusional and hallucinating, that he was in the ICU, and that he was on a ventilator. Ms. Swinger also testified that her brother had an alcohol abuse problem. Following the conclusion of the trial, the trial court entered an order on June 10, 2010, finding Father guilty

---

[1](...continued)
to bring this action pursuant to Tenn.Code Ann. § 71-3-124(c), 42 U.S.C. § 654(4), and 45 C.F.R. § 302.33.

[2]She charged a fee for driving him to work.

[3]Testimony by Ms. Eason was that Father worked at the Maxwell House hotel in 2003 or 2004 and Ms. Morrell testified that Father worked at Krystal during 2006.

of eighteen counts of criminal contempt and ordering Father to serve the 180-day sentence imposed by the juvenile court magistrate. Father filed a timely appeal.

**ISSUES**

Father asserts the evidence is insufficient to establish that he had the ability to pay child support during the relevant time frame, July 1, 2008 through July 30, 2009, and thus his failure to pay was not willful. He asserts that the court erred by concluding that his ability to work at a time prior to the period at issue was sufficient to prove his guilt for failing to pay support during the relevant time frame.

**ANALYSIS**

I.

The willful disobedience of a lawful court order or decree is punishable as criminal contempt. Tenn. Code Ann. § 29-9-102(3). The maximum sentence for each act of criminal contempt is ten days of confinement in jail and the maximum fine is $50.00. Tenn. Code Ann. § 29–9–103. The person accused of criminal contempt is presumed to be innocent and the prosecution bears the burden of proving guilt beyond a reasonable doubt. *Cottingham v. Cottingham*, 193 S.W.3d 531, 538 (Tenn. 2006) (citing *Shiflet v. State*, 400 S.W.2d 542, 544 (Tenn. 1966)). If the defendant is accused of failing to make support payments required by order or decree, the prosecution must prove beyond a reasonable doubt that the person charged with contempt had the ability to pay support at the time it was due and that the failure to pay was willful. *Cottingham*, 193 S.W.3d at 538 (citing *Ahern v. Ahern,* 15 S.W.3d 73, 79 (Tenn. 2000)).

Once convicted of criminal contempt, the defendant loses the presumption of innocence. *Id*. Thus, on appeal, the issue is whether, considering the evidence in the light most favorable to the prosecution, any trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id*. (citing Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *State v. Davidson*, 121 S.W.3d 600, 614 (Tenn. 2003); *Black v. Blount*, 938 S.W.2d 394, 399 (Tenn. 1996)).

II.

Father contends that the evidence was insufficient to establish that he had the ability to pay child support from July 1, 2008 through July 30, 2009, because of the uncontroverted

testimony that he was hospitalized for the month of July 2009, and an Exhibit,[4] which proved he was incarcerated from July 21, 2008 to November 13, 2008. We agree.

The evidence established that Father was incarcerated from July 21, 2008 through November 13, 2008, and hospitalized for the month of July 2009. Calculating the weeks in a manner favorable to Father,[5] we find the State failed to prove that Father had the ability to pay support for twenty-four (24) weeks. Support was to be remitted bi-weekly, thus, the evidence failed to establish beyond a reasonable doubt that Father had the ability to make twelve (12) bi-weekly support payments that were due during the relevant period.

There were fifty-six (56) weeks during the period of time at issue, from July 1, 2008 through July 30, 2009. Thus, Father was obligated to remit twenty-eight (28) bi-weekly payments during this period. He remitted none. We have already determined that the evidence fails to establish that Father had the ability to pay twelve (12) of the bi-weekly support payments. Accordingly, we must determine if the evidence is sufficient to establish beyond a reasonable doubt that Father had the ability to pay some or all of the other sixteen (16) bi-weekly payments that were owing during this time period.

III.

Father contends that the trial court erred by concluding that his ability to work prior to the period at issue was sufficient to establish that he had the ability to pay support during the relevant time frame. We find no merit to this contention.

Several witnesses testified that Father worked numerous jobs for years and that the only time he was unable to work was when he was ill or when he abused drugs and alcohol, the latter of which does not excuse him of his obligation to pay support. Considering the evidence in the light most favorable to the prosecution, we have determined that a trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Cottingham*, 193 S.W.3d at 538; *see also State v. Davidson*, 121 S.W.3d at 614. We, therefore, find the evidence sufficient to establish that but for the twenty-four weeks he was incarcerated and in the hospital, Father had the ability to pay support.

The trial court found Father guilty of eighteen (18) counts of criminal contempt. We determined the evidence only establishes that he is guilty of sixteen (16) counts. Accordingly,

---

[4]The Exhibit is an Inmate Charge Summary from the Davidson County Sheriff's Office.

[5]This takes into consideration that Father may have been unable to work a few days immediately prior to being admitted to the hospital and following discharge.

we reverse the finding of guilt of two (2) of the counts and affirm the finding of guilt for the remaining sixteen (16) counts of criminal contempt. In that Father does not challenge the manner of sentencing, we shall not consider whether the imposition of sixteen consecutive sentences for the maximum of ten days each was excessive. *See Thigpen v. Thigpen*, 874 S.W.2d 51, 54 (Tenn. Ct. App. 1993).

**In Conclusion**

The judgment of the trial court is reversed in part and affirmed in part and remanded with costs of appeal assessed against the appellant, Phillip L. Swinger.

_____
FRANK G. CLEMENT, JR., JUDGE