IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 8, 2012

**STATE OF TENNESSEE EX REL. AMY TRISLER v. SCOTT A. COLLINS**

**Appeal from the Juvenile Court for Davidson County**
**No. 201955817     Betty K. Adams Green, Judge**

_____

**No. M2011-01164-COA-R3-JV - Filed April 19, 2012**

_____

Defendant Collins challenges his conviction for criminal contempt, claiming that the evidence was insufficient to convict him and that the use of certain evidence violated his constitutional rights. We affirm the conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Shannon R. Romain, Nashville, Tennessee, for the appellant, Scott A. Collins.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Warren A. Jasper, Senior Counsel; for the appellee, State of Tennessee, Department of Children's Services.

**OPINION**

This appeal originated with a petition for contempt filed on November 15, 2010, by Amy Trisler against Scott Collins. Approximately ten years earlier, Collins had admitted paternity of Trisler's daughter and agreed to pay child support. Over the years, Trisler filed several contempt petitions against Collins for failure to pay child support. The order from the last contempt petition, dated October 28, 2008, required Collins to pay $108.46 per week in child support and an additional $10.00 per week on an arrearage of $3,580.06. The 2010 petition alleged Collins had failed to pay as ordered and asked that he be found in either civil or criminal contempt of court.

Collins initially indicated that he wished to hire counsel, and a settlement hearing was scheduled for January 11, 2011. At that hearing, however, Collins indicated that he could not

afford an attorney and requested an indigency hearing. The court questioned Collins briefly, asking whether he was employed (answer: self-employed), what he did (answer: electrician), whether he filed a tax return last year (answer: yes), and what he made last year (answer: "like, 17, 18,000"). At that point, the court appointed Shannon Romain as his attorney. The matter was set for a hearing on February 22, 2011.

Six days before the scheduled hearing, Trisler filed an amended petition for contempt which had attached to it a notice that Collins was charged with criminal contempt and listed his rights.[1] The matter was continued to April 19, 2011, when a trial was held. Collins was convicted of criminal contempt consisting of seven violations of the court's order and sentenced to ten days incarceration per violation. Collins appealed.

In order for someone to be found guilty of criminal contempt for failure to pay child support, the prosecution must prove beyond a reasonable doubt that the person charged had the ability to pay the support at the time it was due and that the failure to pay was willful. *Cottingham v. Cottingham*, 193 S.W.3d 531, 538 (Tenn. 2006); *Ahern v. Ahern*, 15 S.W.3d 73, 79 (Tenn. 2000). Collins maintains that, while the evidence shows payments were not made, the evidence is insufficient to show that Collins had the ability to pay when the payments were due and that the failure to pay was willful.

> When the sufficiency of the evidence is challenged, our standard of review is whether, considering the evidence in the light most favorable to the prosecution, any trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The prosecution is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from it. Questions regarding the credibility of witnesses, the weight and value of the evidence, and any factual issues raised by the evidence are resolved by the trier of fact.

*Cottingham*, 193 S.W.3d at 538 (citations omitted).

Trisler was the only person to testify at the contempt hearing. She stated that when asked about not paying child support, Collins said that "[h]e had his own bills to pay, he's taking care of the two children that are not his that live in his home, he doesn't think he should have to pay because his rights were suspended, ...." This testimony, which was not the topic of an objection and was uncontradicted, reflects an admission by Collins that he chose to pay other bills first. "Spending money on other bills or obligations does not absolve the failure to pay court-ordered child support. In fact, having the means to meet other obligations

---

[1]Such a notice is required by Tenn. R. Crim. P. 42(b).

evidences the ability to pay child support." *Buttrey v. Buttrey*, No. M2007-00772-COA-R3-CV, 2008 WL 45525, *2 (Tenn. Ct. App. Jan. 2, 2008).

Trisler also testified that Collins said that "he knows how to work the system," and that he does not care about his support obligation. These statements, also not the topic of objection or contradiction, support a finding of willful failure to pay child support.

Additional testimony by Trisler regarding Collins's assets and ability to work was strongly contested on cross-examination. While this testimony may lend support to the argument that Collins had the ability to meet his child support obligations by liquidating assets, and in light of the admissions previously referenced, we do not believe that it was necessary to the conviction.

Collins contests the use in the contempt hearing of testimony from his indigency hearing about his income. He claims that his right to counsel was violated as well as his right against self-incrimination. This testimony goes to his ability to pay and, in light of his admissions, was not vital to his conviction. Therefore, we need not reach the issue of the admissibility of that information in the contempt hearing.

Costs of appeal are assessed against the appellant, Scott Collins, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE