IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 8, 2012

## SONYA FRANCES KELLY RUTLEDGE v. DAN KENNETH KELLY

**Appeal from the Circuit Court for Robertson County**
**No. 11075     Ross H. Hicks, Judge**

---

**No. M2011-02065-COA-R3-CV - Filed August 28, 2012**

---

Father was found guilty of five counts of criminal contempt for his failure to pay child support and was sentenced to 50 days in jail. On appeal, Father argues the trial court failed to make the requisite finding regarding his ability to pay. We have determined that the evidence established beyond a reasonable doubt that Father did have the ability to pay the child support obligation, but that the maximum sentence is not appropriate based on the circumstances. Accordingly, we affirm the judgment of the trial court with modifications to Father's sentence. We also award Mother attorney fees for this appeal and remand the case to the trial court for a determination of the appropriate amount.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Jack Robinson Dodson, III, Nashville, Tennessee, for the appellant, Dan Kenneth Kelly.

David Scott Parsley, Nashville, Tennessee, for the appellee, Sonya Frances Kelly Rutledge.

### OPINION

FACTUAL AND PROCEDURAL BACKGROUND

Sonya Frances Kelly Rutledge ("Mother") and Dan Kenneth Kelly ("Father") were divorced in December 2005. They have one minor child, a daughter, born in March 1999. The parenting plan incorporated in the final divorce decree named Mother the primary residential parent, with Father having regular parenting time every other weekend and every Wednesday from 6:00 p.m. to 8:00 p.m. Father was ordered to pay child support in the

amount of $942.00 a month.

In September 2006, the court entered an agreed order stating that Father had lost his job in March 2006 and reducing Father's child support to $550.00 per month until he became employed full-time.

Shortly after Father obtained full-time employment, both Mother and Father filed petitions to modify the parenting plan and the child support amount. Thereafter, in January 2010, the trial court entered an order granting Mother's petition to modify child support and increasing Father's child support obligation to $850.00 per month. Father appealed the January 2010 order, and in November 2010, this court reversed and remanded the trial court's decision for further findings regarding Mother's income. *See Kelly v. Kelly*, No. M2010-00332-COA-R3-CV, 2011 WL 310544 (Tenn. Ct. App. Jan. 20, 2011). The record does not indicate any further actions at the trial level on this issue.

As a result of Father's failure to pay child support in compliance with the January 2010 order, Mother filed petitions for criminal contempt against Father as follows: (1) on February 12, 2010, for Father's failure to pay in January 2010 and February 2010; (2) on June 23, 2010, for Father's failure to pay in June 2010; (3) on July 23, 2010, for Father's failure to pay in July 2010; (4) on August 11, 2010, as amended on August 16, 2010, for Father's failure to pay in August 2010; (5) on October 19, 2010, for Father's failure to pay in September 2010 and October 2010.

The trial court scheduled a hearing for August 15, 2011 to address the November 2010 remand from this court, Mother's petitions for criminal contempt, and Father's petition for modification of child support. However, the trial court separated the criminal and civil matters and, therefore, only heard the petitions for criminal contempt.

At trial, evidence was presented demonstrating that, from May 2010 through September 2010, Father received income from his employer, Blacktop, Inc., amounting to $17,473.47 in total.

The trial court dismissed the first petition for criminal contempt because Father paid the amounts owed for January and February 2010, albeit late. However, the trial court found Father guilty of five separate counts of criminal contempt for failure to pay child support as ordered for the months of June 2010 through October 2010. Father appeals this decision.

The trial court ordered Father to immediately begin serving 10 days of a 50-day sentence with the remaining 40 days of the sentence being suspended pending his strict compliance with the January 7, 2010 trial court order. Father posted a $10,000 cash bond and

was released from jail pending his appeal. Subsequent to Father posting the cash bond, the trial court entered an order which stayed the imposition of his sentence.

STANDARD OF REVIEW

"A person charged with criminal contempt is 'presumed innocent and may not be found to be in criminal contempt in the absence of proof beyond a reasonable doubt that they have willfully failed to comply with the court's order.'" *Eastman v. Eastman*, No. M2007-01797-COA-R3-CV, 2008 WL 2600695, at *2 (Tenn. Ct. App. June 30, 2008) (quoting *Long v. McAllister-Long*, 221 S.W.3d 1, 13 (Tenn. Ct. App. 2006)). Once a guilty verdict is entered, the presumption of innocence is removed, and a presumption of guilt replaces it. *Id.*, at *2. On appeal, the burden of proof is on the defendant to demonstrate why the evidence is insufficient to support the guilty verdict. *Id.* Furthermore, "the prosecution is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from it." *Cottingham v. Cottingham*, 193 S.W.3d 531, 538 (Tenn. 2006). The trial court is in the best position to assess the credibility of witnesses, the weight and value of the evidence, and any factual issues raised by the evidence. *Id.* "When the sufficiency of the evidence in a criminal contempt case is raised in an appeal, this court must review the record to determine if the evidence in the record supports the finding of fact of guilt beyond a reasonable doubt, and 'if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt' we are to set aside the finding of guilt." *Eastman*, at *2; *see also* Tenn. R. App. P. 13(e) (directing that "findings of guilt in criminal actions *shall* be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt") (emphasis added).

ANALYSIS

Criminal Contempt

The principal issue on appeal is whether there was sufficient evidence to find Father guilty of five counts of criminal contempt for failing to pay child support in the amount ordered by the court.

Tennessee Code Annotated section 29-9-102(3) authorizes courts to find persons who willfully disobey court orders to be in contempt of court. A person can be sentenced to up to ten days in jail for each violation. Tenn. Code Ann. § 29-9-103(b). To find a party contemptuous under Tennessee Code Annotated section 29-9-102(3) for failure to pay child support, "the court must first determine that [the party] had the ability to pay at the time the support was due and then determine that the failure to pay was willful." *Ahern v. Ahern*, 15 S.W.3d 73, 79 (Tenn. 2000).

Father asserts that he did not have the ability to pay the child support as ordered. The ability to pay means that "the individual must have the income or financial resources to pay the obligation at the time it is due." *Buttrey v. Buttrey*, No. M2007-00772-COA-R3-CV, 2008 WL 45525, at *2 (Tenn. Ct. App. Jan. 2, 2008).

Father argues that Mother lacked sufficient evidence to prove beyond a reasonable doubt that he had the ability to pay his child support obligation of $850.00 per month for the following months: June 2010, July 2010, August 2010, September 2010, and October 2010. Mother provided the court with a detailed overview of all deposits made during the contempt period to a joint bank account that Father shared with his current spouse. Mother also presented checks that Father received from his employer, Blacktop, Inc., during the contempt period. With regard to the bank records, Mother asserts that a diligent effort was made to distinguish Father's deposits from the deposits made by his current spouse to the account. However, a review solely of the checks received by Father from his employer establishes that Father had the ability to pay during the months at issue.

In his brief, Father indicates that his child support obligation is due on the first day of each month. Therefore, to determine whether Father possessed the requisite ability to pay his child support obligation at the time it became due, a review of Father's income prior to the due date is necessary.

Father's child support for the month of June became due on June 1, 2010. On May 14, 2010, Father received a check from his employer in the amount of $1,191.23. Therefore, we agree with the trial court that Father had the ability to satisfy his June, 2010 child support obligation.

Father's July child support obligation became due on July 1, 2010. On June 15, 2010, Father received a check from his employer in the amount of $633.74. And on June 30, 2010, Father received another check from his employer in the amount of $1,732.68. In total, Father received $2,366.42 in checks leading up to the July 1, 2010 due date. Therefore, we agree with the trial court that Father had the ability to satisfy his July, 2010 child support obligation.

Father's August child support obligation became due on August 1, 2010. On July 12, 2010, Father received a check from his employer in the amount of $2,274.13. And on July 30, 2010, Father received another check from his employer in the amount of $1,732.68. In total, Father received $4,006.81 in checks leading up to the August 1, 2010 due date. Therefore, we agree with the trial court that Father had the ability to satisfy his August, 2010 child support obligation.

Father's September child support obligation became due on September 1, 2010. On August 13, 2010, Father received a check from his employer in the amount of $2,781.21. And on August 31, 2010, Father received another check from his employer in the amount of $3,247.03. In total, Father received $6,028.24 in checks leading up to the September 1, 2010 due date. Therefore, we agree with the trial court that Father had the ability to satisfy his September, 2010 child support obligation.

Father's October child support became due on October 1, 2010. On September 15, 2010, Father received a check from his employer in the amount of $3,247.03. And on September 30, 2010, Father received another check from his employer in the amount of $633.74. In total, Father received $3,880.77 in checks leading up to the October 1, 2010 due date. Therefore, we agree with the trial court that Father had the ability to satisfy his October, 2010 child support obligation.

Proof beyond a reasonable doubt is established when a party fails to dispute a particular claim. *Eastman*, at *3. Father did not offer any testimony at trial denying the accuracy of Mother's evidence, nor did he present any witnesses or exhibits. Father did not offer any evidence claiming other debts or obligations that took precedence over his child support obligation. Instead, Father merely argues that his child support obligation is unreasonable because it equals too high a percentage of his current income, and because he has other obligations on top of his child support payments. However, for this court's purposes, these arguments are irrelevant to the ability to pay issue. The fact remains that Father's principal obligation is to his children. We find there is sufficient evidence in the trial record to determine that Father had the ability to pay child support in the ordered amount. Furthermore, Father's duty to pay court-ordered child support cannot be excused because "[s]pending money on other bills or obligations does not absolve the failure to pay court-ordered child support." *Buttrey*, at *2. "In fact, having the means to meet other financial obligations evidences an ability to pay child support." *Id*. Therefore, because Father failed to directly address the evidence presented by the prosecution at trial, we have no reason to rule in his favor.

Father also argues that the trial court erred when it determined his ability to pay child support based on evidence related to the joint bank account that Father shares with his current spouse, who clearly does not owe a child support obligation to Father's children. Father states that not all of the funds in the account are attributable to him, and that some of the funds in the account belong to his current spouse. Thus, Father asserts that the trial court relied on distorted calculations in determining his ability to pay child support as ordered. While it is true that Father and his current spouse maintain a joint checking account with their bank, a review of the records for this account is unnecessary to determine the ability to pay issue. We conclude that a review of Father's income based solely on the checks he

received from his employer is sufficient evidence to demonstrate his ability to pay.

We find that the trial court did not err in determining that Father had the requisite ability to pay child support. Accordingly, we affirm the trial court's decision to find Father guilty on five counts of criminal contempt.

Although the record clearly established Father's guilt on all five counts of criminal contempt, that fact alone does not justify the imposition of the maximum sentence of ten days for each conviction.

If a party knowingly engages in contemptuous conduct, sanctions are appropriate, including incarceration, if justified by the circumstances. Tenn. Code Ann. § 29-9-102; Tenn. Code Ann. § 29-9-103(b). However, if this court determines that a sentence for contempt is excessive, we may reduce or modify the sentence as we deem appropriate. *Simpkins v. Simpkins*, 2012 WL 628011, at *7 (Tenn. Ct. App. Feb. 27, 2012) (citations omitted).

The court must determine the manner in which multiple sentences are to be served, meaning "whether the sentences run consecutively or concurrently to one another." *Id*., at *8 (citing Tenn. Code Ann. § 40-35-115(a)). Consecutive sentencing is appropriate if we find by a preponderance of the evidence that certain criteria are present, as enumerated in Tennessee Code Annotated section 40-35-115(b). Although defendants being sentenced for criminal contempt convictions are among those individuals that are more likely to be subject to consecutive sentencing, Tenn. Code Ann. § 40-35-115(b)(7), the court may consider other factors as well in making this determination. *See* Tenn. Code Ann. § 40-35-115(b).

Even in cases where consecutive sentencing is deemed appropriate, the court must still consider whether the overall length of the sentence is justly deserved in relation to the seriousness of the offenses, and verify that the sentence is no greater than that deserved under the circumstances. Tenn. Code Ann. § 40-35-102(1); Tenn. Code Ann. § 40-35-103(2). In making this determination, the court will consider, as general principles, the seriousness of the contempt, and the deliberate manner of the defendant's conduct. *Id*., at *8 (citing *In re Sneed*, 302 S.W.3d 825, 828 (Tenn. 2010)). In addition, this court has previously considered the following factors: (1) whether defendant's conduct was repetitive or isolated; (2) the length of time that defendant's conduct occurred; (3) whether defendant's conduct was for personal benefit; (4) whether defendant's conduct subjected others to great risk; and (5) whether defendant made efforts to remedy the effects of the conduct. *Id*., at *10.

We do not condone Father's conduct; and we agree with the trial court that incarceration is appropriate based upon the facts of the case. We also agree that consecutive sentencing is appropriate in this case. However, Father's acts do not justify the imposition

of the maximum sentence of ten days for each count of criminal contempt. Although Father failed to satisfy his child support obligation over a period of five months, we do not see a pattern in Father's conduct. The record demonstrates that, in the months preceding the contempt petitions, Father satisfied his court-ordered child support obligation. Also, Father has continued to make some payments to Mother during the contempt period, albeit in an untimely manner and not in the full amount. We find these efforts relevant in considering the appropriate sentence to be imposed. Accordingly, we modify Father's sentence as follows: the sentences imposed for failing to pay child support during the contempt period are reduced from ten (10) to five (5) days each, which will run consecutive to each other. Thus, rather than serving a total of fifty (50) days for his sentence, Father will serve a total of twenty-five (25) days. Father has already served ten (10) days of a fifty (50) day sentence that was imposed by the trial court. Therefore, Father has fifteen (15) days remaining on his sentence. On remand, the trial court shall set the date for Father to report to jail to serve the remainder of his sentence.

### Attorney Fees

Mother has requested that we award her costs and attorney fees on appeal. Tennessee Code Annotated section 36-5-103(c) authorizes a plaintiff's recovery from a defendant of reasonable attorney fees incurred in enforcing any decree for child support. We find that this is an appropriate case for the award of attorney fees and, therefore, we remand this matter to the trial court for a determination of Mother's reasonable attorney fees for this appeal.

### CONCLUSION

For the aforementioned reasons, we affirm the trial court's decision finding Father guilty on five counts of criminal contempt. We remand the case for a determination of when Father is to begin serving the remainder of his modified sentence, and for a determination of attorney fees for this appeal. Costs of appeal are assessed against Father, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE