IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 17, 2013 Session

## JOHN LOWELL GULLEY v. TAMMY LYNN FLETCHER

**Appeal from the Circuit Court for Wilson County**
**No. 09cv1998      Clara W. Byrd, Judge**

**No. M2012-00718-COA-R3-CV - Filed February 7, 2013**

In this child support dispute, the trial court erred in dismissing father's petition to reduce child support and in finding him to be in criminal contempt.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, M.S., P.J., and RICHARD H. DINKINS, J., joined.

John Lowell Gulley, Hendersonville, Tennessee, Pro Se.

Tammy Lynn Fletcher, Lebanon, Tennessee, Pro Se.

### OPINION

FACTUAL AND PROCEDURAL BACKGROUND

John Lowell Gulley ("Father") and Tammy Lynn Fletcher ("Mother") were divorced in August 2002. Pursuant to a permanent parenting plan incorporated into the final divorce decree, Father was to pay $1,743.50 per month in child support for the parties' two minor children. After Father filed a petition to modify child support, the parties entered into an agreed order in January 2004 reducing Father's child support obligation to $691.00 per month. In July 2004, the court entered an agreed order increasing Father's child support obligation to $835.00 per month.

In August 2010, Mother filed a petition for criminal contempt based on Father's

alleged failure to pay child support.[1]  The next month, Father filed a petition to reduce child support based upon a decrease in his income.  Along with his petition, Father filed an affidavit of indigency claiming monthly income from employment of $250.00 and monthly disability benefits in the amount of $249.00.  The court entered an order allowing Father to file his petition on a pauper's oath.

Mother's petition for criminal contempt and Father's petition to reduce child support were heard together on February 29, 2012.  According to a statement of the evidence filed by Father, the following evidence was presented at the hearing:

> 1.  Evidence regarding [Father's] Petition to Reduce child support includes a letter of vocational rehabilitation subsistence allowance of $810.13 a month, with full time [enrollment in] school, from the Department of Veterans Affairs, a Doctors letter stating Physical Limitations of degenerative disc disease, degenerative joint disease and nerve impingement syndrome, enabling [him] to stand for 20-30 minutes at a time which currently makes manual labor difficult if not impossible from Department of Veterans Affairs, and a full time student at Volunteer State Community College.  Also Appellees' claim of no income while working for her alleged husband a total of forty to fifty hours a week.

> 2.  Evidence regarding [Father's alleged] willful Contempt of Court includes [Father's] 2009 Tax return summary, indicating an income of $11,092 and Non-Custodial Parent Payment Summary showing the year of 2009 a total paid in child support by [Father] for the 2009 year [of] $7,324.14.

The trial court ruled that Father "failed to carry his burden of proof regarding his Petition to Reduce child support" and therefore dismissed the petition.  The court went on to find Father in willful contempt of court, "finding that Father clearly had income in 2009 of at least Eleven Thousand ($11,000.00) Dollars and failed and refused to pay according to prior Court Orders."  Finding Father guilty of at least eighteen (18) counts of contempt, the trial court sentenced him to a total of 180 days of incarceration, but provided that Father could pay a cash bond of $3,000.00 to Mother in lieu of spending his weekends in jail.  The court also found Father in arrears in the amount of $18,104.72 as of February 29, 2012 and ordered that Father was responsible for Mother's reasonable attorney fees in the amount of $3,525.00.

---

[1]In November 2009, at Mother's request, the case was transferred from Davidson County Circuit Court to Wilson County Circuit Court.

On appeal, Father argues that the trial court erred in the following respects: (1) in dismissing his petition to reduce child support; (2) in finding him in willful contempt of court; (3) in setting a bond of $3,000; and (4) in awarding Mother her attorney fees.

ANALYSIS

(1)

The initial determination and later modification of a child support order is governed by Tenn. Code Ann. § 36-5-101. Tennessee Code Annotated § 36-5-101(e)(1)(A) instructs the trial court to apply the child support guidelines, as set forth in the rules and regulations of the Department of Human Services, as a rebuttable presumption in determining the amount of child support. *See* Tenn. Comp. R. & Regs. § 1240-2-4-.01. Even with the adoption of the child support guidelines, trial courts retain a certain amount of discretion in their decisions regarding child support, which decisions we review under an abuse of discretion standard. *Richardson v. Spano,* 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005). A trial court abuses its discretion when it has applied an incorrect legal standard or has reached a decision which is against logic or reasoning that caused an injustice to the party complaining. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

When considering a petition to modify child support, the trial court must determine whether there is a significant variance between the obligor's current obligation and that set by the guidelines. *See* Tenn. Code Ann. § 36-5-101(g); *Kaplan v. Bugalla*, 188 S.W.3d 632, 636 (Tenn. 2006). The parent seeking to modify a child support obligation has the burden of proving that a significant variance exists. *Wine v. Wine*, 245 S.W.3d 389, 394 (Tenn. Ct. App. 2007). A significant variance is defined as "at least a fifteen percent (15%) change between the amount of the current support order (not including any deviation amount) and the amount of the proposed presumptive support order." Tenn. Comp. R. & Regs. § 1240-2-4-.05(2)(c). In certain circumstances, the trial court may deny the petition even if a significant variance is proven, for example, if the party opposing the modification proves the variance in child support is the result of willful or voluntary underemployment. *Richardson*, 189 S.W.3d at 727; *Demers v. Demers*, 149 S.W.3d 61, 69 (Tenn. Ct. App. 2003). The burden of proving the variance is the result of willful or voluntary underemployment is on the parent opposing the modification. *Richardson*, 189 S.W.3d at 727; *Demers*, 149 S.W.3d at 69; *see also* Tenn. Comp. R. & Regs. § 1240-2-4-.04(3)(a)(2)(ii).

At the time he filed his petition to reduce child support, Father's monthly child support obligation was $835.00, based upon an income of $3,284.69 a month. According to the evidence presented to the court at the hearing in February 2012, Father's gross income

was, at most, $1,059.13 a month.[2]  Under the child support guidelines, a gross income of $1,100 a month for two children yields a monthly child support payment of $348.00.[3]  Tenn. Comp. R. & Regs. § 1240-2-4-.09.  This difference–from $835.00 to $348.00–is sufficient to constitute a significant variance.  Thus, the trial court erred in finding that Father had not met his burden of proof to justify a modification of child support.[4]  On remand, the trial court is directed to set Father's child support consistent with the guidelines for his (and Mother's) current income.

(2)

Tennessee Code Annotated § 29-9-102(3) authorizes courts to find persons who willfully disobey court orders to be in contempt of court. Such persons can be sentenced to up to ten days in jail for each violation. Tenn. Code Ann. § 29-9-103(b). In order to find a party contemptuous under Tenn. Code Ann. § 29-9-102(3) for failure to pay child support, "the court first must determine that [the party] had the ability to pay at the time the support was due and then determine that the failure to pay was willful." *Ahern v. Ahern*, 15 S.W.3d 73, 79 (Tenn. 2000). Both of these elements must be proven beyond a reasonable doubt in order to find an individual guilty of criminal contempt. *State ex rel. Murray v. Neiswinter*, No. M2005-01983-COA-R3-CV, 2007 WL 565823, at *6 (Tenn. Ct. App. Feb. 23, 2007).

On appeal, persons convicted of criminal contempt lose the presumption of innocence and face a presumption of guilt. *Id.* at *7.  With respect to the sufficiency of the evidence, "our standard of review is whether, considering the evidence in the light most favorable to the prosecution, any trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Cottingham v. Cottingham*, 193 S.W.3d 531, 538 (Tenn. 2006). Furthermore, "[t]he prosecution is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from it." *Id.* Finally, "[q]uestions regarding the credibility of witnesses, the weight and value of the evidence, and any factual issues raised by the evidence are resolved by the trier of fact." *Id.*

To have the ability to pay, a person must have the income or financial resources to pay the obligation at the time it is due. *Buttrey v. Buttrey*, M2007-00772-COA-R3-CV, 2008 WL 45525, at *2 (Tenn. Ct. App. Jan. 2, 2008).  In her petition for contempt, the only order

---

[2]This figure includes Father's monthly disability benefits of $249.00.

[3]These figures are based on the assumption that Mother has no income.

[4]As previously stated, the burden of proof would be on Mother to prove any claim of voluntary underemployment.

referenced by Mother is an order of May 21, 2010 requiring Father to pay $835.00 per month. In finding Father in contempt, the trial court relied upon an income of $11,000.00 in 2009, which would yield a monthly income of approximately $910.00. Even under the assumption that Father still had this much income in May 2010, $910.00 per month would not enable him to pay child support of $835.00 per month. Thus, even taking the evidence in the strongest legitimate view favoring Mother, we cannot find that she proved Father's ability to pay beyond a reasonable doubt.

In light of our conclusion that the trial court erred in finding Father in criminal contempt, the court's imposition of the associated cash bond is also reversed. We vacate the trial court's award of attorney fees and direct the court to reexamine the issue when the matter is reheard in accordance with this opinion. On remand, after calculating Father's new child support obligation, the trial court is directed to recalculate its arrearage figure regarding the period of time since the filing of Father's petition to reduce child support.

CONCLUSION

The judgment of the trial court is reversed and remanded. Costs of appeal are assessed against Mother, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE