IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 1, 2021

## ERIN ELIZABETH OTTO v. TIMOTHY JASON OTTO

**Appeal from the Chancery Court for Hickman County
No. 17-CV-6101      Michael E. Spitzer, Judge**

_____

### No. M2020-00660-COA-R3-CV

_____

This case involves a divorce action and several motions for contempt. Prior to the final hearing, the wife filed multiple motions for civil and criminal contempt against the husband. At the final hearing, the trial court resolved the divorce-related issues and found the husband in civil contempt on eight counts. The husband only appealed the trial court's contempt ruling. We affirm the trial court's decision, award the wife attorney's fees on appeal, and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded.**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, P.J., M.S., joined.

Timothy Jason Otto, Watertown, Wisconsin, appellant, Pro Se.

Siew-Ling Shea and Gene F. Guerre, III, Nashville, Tennessee, for the appellee, Erin Elizabeth Otto.

### MEMORANDUM OPINION[1]

### I.      FACTS AND PROCEDURAL HISTORY

_____

[1] Rule 10 of the Rules of the Court of Appeal provides as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Erin Elizabeth Otto ("Wife") and Timothy Jason Otto ("Husband") were married in July 1996. The parties were married in Wisconsin but resided in Tennessee for the majority of their marriage. Five children were born of the marriage. Two of the children were minors at the time of trial in this case. Throughout the marriage, Husband frequently exhibited controlling, manipulative, and abusive behavior towards Wife and the parties' children. Although the pre-trial and trial proceedings dealt with various routine divorce issues, the pertinent issues on appeal only involve contempt filings.

In January 2017, Wife separated from Husband and moved to Wisconsin with three of the parties' children. Thereafter, Wife initiated this action by filing a complaint for divorce in Tennessee. Over the next several years, the parties conducted extensive and contentious pre-trial litigation, which included Wife filing multiple motions for civil and criminal contempt against Husband. In her motions, Wife alleged that Husband repeatedly violated valid court orders.

On February 11, 2019, the parties entered into an agreement on several outstanding issues. Their agreement was memorialized in an agreed order entered on February 25, 2019. As indicated in the order, Husband specifically agreed *not* to bifurcate the contempt proceedings at the final divorce hearing. Husband was represented by counsel at the time he entered into this agreement.

Eventually, the court conducted a final hearing on February 14, 2020. Prior to the final hearing, Husband's counsel withdrew from representation. Husband did not retain new counsel prior to the final hearing and, as a result, proceeded pro se.[2] At the hearing, the trial court heard testimony on a wide array of divorce-related issues. At one point during Wife's testimony on her motions for contempt, unprompted, Husband gathered his belongings, left the courtroom, and did not return. The trial court concluded that Husband left the courtroom at this time to avoid the potential prospect of incarceration.

Following the final hearing, the trial court entered its order of judgment on Wife's complaint for divorce and contempt motions. In its order, the trial court granted Wife a divorce from Husband and ruled on several divorce-related issues. In regards to the outstanding contempt issues, the trial court concluded that Husband willfully violated several of its prior orders. As a result, the court found Husband to be in civil contempt on eight counts.

Husband appealed the trial court's contempt ruling.

---

[2] On November 14, 2019, the trial court granted a motion to withdraw that was submitted by Husband's former counsel. Based on counsel's withdrawal, the court continued the dates for the parties' depositions and mediation. In a subsequent order, the court also reset the final hearing for February 14, 2020. Meaning, Husband had three months to obtain new counsel before the final hearing.

## II.    ISSUES PRESENTED

Husband raises only one issue for review on appeal, which we have reworded:

1. Whether, based on Wife's motions for criminal contempt, the trial court erred by not bifurcating the proceedings into separate civil and criminal proceedings.

In response, Wife raises three additional issues; however, we have determined that only two are relevant to the disposition of this case, which we have reworded:

2. Whether the trial court committed reversible error by proceeding with the criminal contempt and divorce issues without bifurcating the proceeding when Husband agreed not to bifurcate the proceeding and when Husband was not found guilty of criminal contempt; and

3. Whether Wife should be awarded attorney's fees on appeal for defending a frivolous appeal pursuant to Tennessee Code Annotated § 27-1-122.

For the reasons stated herein, we affirm the trial court's decision to proceed without bifurcating the proceeding. Additionally, we find Husband's appeal to be frivolous and award Wife attorney's fees pursuant to Tennessee Code Annotated section 27-1-122.

## III.    STANDARD OF REVIEW

As a non-jury case, we review the trial court's findings of fact *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). Questions of law, however, are reviewed *de novo* with no presumption of correctness. *Eberbach v. Eberbach*, 535 S.W.3d 467, 473 (Tenn. 2017). A trial court's decision to hold a party in civil contempt shall not be disturbed absent an abuse of discretion by the trial court. *Lovlace v. Copley*, 418 S.W.3d 1, 17 (Tenn. 2013) (citing *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 356–57 (Tenn. 2008)). "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

## IV.    DISCUSSION

At the outset of our discussion, we recognize that Husband continues to represent himself on appeal. As this Court has previously stated in regards to pro se litigants:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (citations omitted). Although Husband is currently a pro se litigant, he proceeded through the majority of the pre-trial proceedings under the representation of counsel.

## A. Trial Court Not Bifurcating the Contempt Issues

Regardless of Husband's previous actions, upon which the court made detailed findings in regard to the contempt allegations, the issue that he has presented for review is narrowly confined. The only issue that Husband raises in his brief is whether the trial court erred in deciding not to bifurcate the final hearing into separate civil and criminal proceedings. Therefore, our review is limited to this narrow issue. *See Brunetz v. Brunetz*, 573 S.W.3d 173, 185-86 (Tenn. Ct. App. 2018) (quoting *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012) (stating that issues that are not raised in a party's statement of issues "are deemed waived" and shall not be reviewed on appeal).

Turning our attention to Husband's issue, we recognize the inherent differences between civil and criminal contempt. *See, e.g.*, *Black v. Blount*, 938 S.W.3d 394, 398 (Tenn. 1996) (describing criminal and civil contempt). Because criminal contempt is punitive in nature rather than coercive or remedial, a party that is charged with criminal contempt is afforded many due process protections, such as adequate notice, a presumption of innocence, and the right to representation. *See Cottingham v. Cottingham*, 193 S.W.3d 531, 536 (Tenn. 2006); *McClain v. McClain*, 539 S.W.3d 170, 219 (Tenn. Ct. App. 2017); *Norfleet v. Norfleet*, No. M2013-00652-COA-R3CV, 2014 WL 1408146, at *4 (Tenn. Ct. App. Apr. 9, 2014). "[C]ombining claims for civil and criminal contempt in the same proceeding has sometimes been criticized." *Norfleet*, 2014 WL 1408146, at *6 n.5. However, combining the claims is not uncommon and does not automatically require reversal by an appellate court. *See Renken v. Renken*, No. M2017-00861-COA-R3-CV, 2019 WL 719179, at *6 (Tenn. Ct. App. Feb. 20, 2019); *Norfleet*, 2014 WL 1408146, at *6. Instead, when criminal contempt claims are tried with other civil issues, "it is important for the trial court to keep the distinctions between the various claims in mind." *Norfleet*, 2014 WL 1408146, at *6.[3]

---

[3] We recognize that in *McPherson v. McPherson*, No. M2003-02677-COA-R3-CV, 2005 WL 3479630 (Tenn. Ct. App. Dec. 19, 2005), this Court also stated that conducting civil and criminal contempt

In the present case, the trial court conducted a single final hearing without bifurcating Wife's claims for criminal contempt. Husband never objected to the trial court's failure to specify whether criminal or civil contempt was being tried; nor did Husband ask for the proof to be bifurcated from the divorce-related issues. In fact, as indicated in the order that was entered on February 25, 2019 (almost one year prior to the final hearing), Husband agreed *not* to bifurcate the contempt proceedings at the final hearing. Husband reached this agreement while he was represented by counsel. Accordingly, we are not required to grant Husband relief as a party "who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error" during the trial court proceedings. *See* Tenn. R. App. P. 36(a); *Norfleet*, 2014 WL 1408146, at *5.

Further, Husband has failed to demonstrate that he was prejudiced by the trial court's decision not to bifurcate the proceeding. Although Wife filed several motions for criminal contempt, the trial court only found Husband guilty of *civil* contempt. "This Court has made clear in prior cases that, in civil contempt [cases], faulty procedure will not warrant a reversal unless there is prejudice." *Boggs v. Boggs*, No. M2006-00810-COA-R3-CV, 2007 WL 2353156, at *4 (Tenn. Ct. App. Aug. 17, 2007) (citing *Lessley v. Shope*, No. 01-A-01-9805-CV00233, 1999 WL 330178, at *2 (Tenn. Ct. App. May 26, 1999)). Husband has not shown how he was prejudiced by the trial court's decision to combine the contempt proceeding with the divorce issues when the trial court did not find Husband guilty of criminal contempt.

Husband raised no other issues with the trial court's decision to find him guilty of eight counts of civil contempt. Therefore, we affirm the trial court's decision.

### B. Attorney's Fees – Frivolous Appeal

In addition to the issue presented by Husband, Wife asserts that she is entitled to attorney's fees on appeal. As a basis for her claim, Wife cites Tennessee Code Annotated section 27-1-122, which states:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

---

proceedings simultaneously is "fundamentally flawed" because of the inherent differences between the two forms of contempt. *Id.* at *5. However, rather than requiring these issues to be bifurcated, in *McPherson*, this Court simply stated that combining the two proceedings "should be avoided." *Id.*

An appeal may be deemed frivolous if it is devoid of merit or has no reasonable chance of success. *Young*, 130 S.W.3d at 66-67. The decision to award attorney's fees for a frivolous appeal lies within the sound discretion of the appellate court. *Duke v. Duke*, 563 S.W.3d 885, 906 (Tenn. Ct. App. 2018).

We agree with Wife in that Husband's appeal had no reasonable chance of success. Husband clearly agreed *not* to bifurcate the proceeding, and he has not shown that he was prejudiced by the trial court's decision not to bifurcate when he was not found guilty of criminal contempt. As a result, the sole issue that he has raised on appeal is devoid of merit. Therefore, we deem Husband's appeal to be frivolous and find that Wife is entitled to reasonable attorney's fees under Tennessee Code Annotated section 27-1-122. We remand the case with instructions for the trial court to determine the amount of attorney's fees to which Wife is entitled for having to defend this appeal.

## V. CONCLUSION

For the reasons stated herein, the trial court's decision is affirmed. The case is remanded for the trial court to determine the amount of attorney's fees to which Wife is entitled for having to defend against Husband's frivolous appeal. Costs of this appeal are taxed to appellant, Timothy Jason Otto, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE

- 6 -